UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PREDICTIVE CONVERSATIONS, LLC, | ) | CASE NO. 5:22-cv-311 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LEICA GEOSYSTEMS, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Leica Geosystems, Inc. ("Leica" or "defendant") to dismiss the complaint for lack of personal jurisdiction. (Doc. No. 11, Motion; as supported by Doc. No. 12, Memorandum in Support.) Plaintiff Predictive Conversations, LLC ("Predictive" or "plaintiff") filed a memorandum in opposition (Doc. No. 17, Opposition) and Leica filed a reply (Doc. No. 18, Reply). For the reasons discussed herein, the motion to dismiss for lack of personal jurisdiction is granted and this case is closed.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Predictive, an Ohio limited liability company, filed its complaint against Leica, a Georgia corporation, on February 23, 2022, asserting federal question jurisdiction. (Doc. No. 1, Complaint ¶¶ 1–4.) Predictive alleges claims for direct and contributory copyright infringement predicated on Leica's alleged use of training materials created by Predictive for a third party, Trimble Inc. Predictive alleges generally that this Court has personal jurisdiction over Leica "because of its continuous and systematic contacts with this judicial district[,]" and "based upon Leica's actual awareness of its infringement of Predictive's copyright and because Leica's ongoing copyright

infringement is the result of its reckless disregard and willful blindness to Predictive's copyright." (*Id*. ¶¶ 5–6.)

The complaint alleges that Predictive's CEO and owner, Marc Miller ("Miller"), created "a unique approach to increasing sales for his clients, parlaying it into a successful business[.]" (*Id*. ¶ 8.) Predictive "is in the business of preparing and conducting multi-day training sessions specifically catered to its clients' businesses[,] . . . [which] combine Miller's sales techniques, research, and sales-effectiveness training materials . . . includ[ing] a 'Predictive Conversations Quick Reference Sales Guide' for which Predictive registered its copyright on April 24, 2020, Copyright No. TX0008864635[.]" (*Id*. ¶¶ 9–10.) Predictive "typically earns more that $250,000 per training engagement." (*Id*. ¶ 11.)

Non-party Trimble Inc. ("Trimble"), a provider of "location-based solutions that are used in global positioning system (GPS), laser, optical, and inertial technologies[,] . . . engaged Predictive to update and customize the process, language, and methodology of Trimble's sales practices." (*Id*. ¶¶ 12–13.) Predictive alleges that "Trimble's sales practices now incorporate aspects of Predictive's sales methodologies, including Predictive's copyrighted Quick Reference Guide." (*Id*. ¶ 14.) Predictive claims it supplied Trimble with "customizations regarding the kinds of questions to ask during sales meetings; product-specific customizations; and methods to address common problems for buyers . . . ." (*Id*. ¶ 15.) Trimble has allegedly "used this customized methodology and content to train over five-hundred sales representatives worldwide." (*Id*. ¶ 16.)

Justin Humphries ("Humphries"), a "former Trimble employee that Predictive trained[,]" is now employed by Leica, "a competitor of Trimble." (*Id*.) Humphries allegedly "intentionally misappropriated Trimble's Predictive-created training materials for use with his new employer, Leica[,] . . . [including] copyrighted works from Predictive's Quick Reference Guide." (*Id*. ¶ 17.)

2

Predictive alleges that "Humphries and other Leica employees are now using these materials to train Leica's salesforce in a sales training program called 'Leica Synergy.'" (*Id*. ¶ 19.) Predictive further alleges that, "[o]n belief, Humphries obtained his new, higher position with Leica with the promise to train Leica's employees with Predictive's training materials." (*Id*.) Predictive also alleges that Leica "has now expanded the use of its infringing Leica Synergy materials to train third-party distributors, not only employees of Leica." (*Id*. ¶ 24.) Predictive "did not authorize, license, or otherwise grant Leica with the right to use Predictive's copyrighted materials or Trimble's training resources containing those materials to train what could be hundreds, if not thousands, of Leica employees and third parties." (*Id*. ¶ 26.)

Predictive claims that Leica continues to infringe Predictive's copyright "despite being notified of its infringements and Predictive's demand that it cease and desist from those activities." (*Id*. ¶ 28.) Predictive further alleges, "[o]n belief, Leica is now also falsely advertising, publicizing, and promoting that it created the sales methodology behind the Leica Synergy training program when offering services to its employees and to third-party distributors[.]" (*Id*. ¶ 29.)

Predictive states two claims against Leica—one for copyright infringement and the other for contributory copyright infringement.

## II.     LAW AND ANALYSIS

### A.      Controlling Law

Leica's motion seeks dismissal for lack of personal jurisdiction under Rule 12(b)(2), arguing that the complaint contains "no allegations that Leica's alleged copyright infringement arises from any contact Leica has with the state of Ohio." (Doc. No. 12, at 6.[1])

Predictive bears the burden of establishing that this Court has personal jurisdiction over Leica. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citations omitted). In the face of a properly supported motion to dismiss for lack of personal jurisdiction, Predictive may not rest upon its pleadings but must, by affidavit or otherwise, "establish[] through 'specific facts' that personal jurisdiction exists over the non-resident defendant[.]" *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citing, among others, *Theunissen*, *supra*).

When deciding a Rule 12(b)(2) motion, the Court may, in its discretion: (1) decide the motion on affidavits alone, (2) permit discovery in aid of deciding the motion, or (3) conduct an evidentiary hearing on the merits of the motion. *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (citation omitted). Having reviewed the parties' briefs and declarations attached thereto, the Court concludes that a hearing will not assist the Court and that Leica's Rule 12(b)(2) motion may be resolved on the parties' submissions.

When the Court elects to decide the motion upon written submissions, it views the declarations, pleadings and related documentary evidence in a light most favorable to the plaintiff and draws all permissible inferences in favor of the plaintiff. *Bird v. Parsons*, 289 F.3d 865, 871–

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system, a citation practice recently adopted by this Court despite a different directive in the Initial Standing Order for this case.

4

72 (6th Cir. 2002) (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261–62 (6th Cir. 1996)). In that circumstance, "the burden on the plaintiff is relatively slight, . . . and the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal[.]" *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (internal quotation marks and citations omitted). "Dismissal [is] only proper if all of the specific facts [plaintiff] alleged collectively fail[ ] to state a *prima facie* case for jurisdiction under the appropriate standards." *Theunissen*, 935 F.2d at 1459. That said, the Court is not precluded from considering undisputed factual representations of the defendant that are consistent with the representations of the plaintiff. *Kerry Steel*, 106 F.3d at 153.

    **B.**    **Discussion**

To assert personal jurisdiction over a non-resident defendant under Ohio law, a federal court with federal question subject matter jurisdiction must find *both* that: (1) defendant is amenable to service of process under the state's long-arm statute, *and* (2) the exercise of personal jurisdiction will not deny defendant due process. *See Bird,* 289 F.3d at 871; *see also Chapman v. Lawson*, 89 F. Supp. 3d 959, 970 (S.D. Ohio 2015). Thus, the analysis begins with Ohio's long-arm statute; but that is not as simple as it might sound, given recent developments.

> Before April 7, 2021, Ohio's long-arm statute consisted of a list of enumerated acts set forth in § 2307.382(A), followed by an admonition in § 2307.382(C) that "[w]hen jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him." Ohio Rev. Code Ann. § 2307.382 (West 2019). Not surprisingly, given the statute's plain language, courts routinely noted that Ohio's long-arm statute did not extend jurisdiction to the fullest extent that the Due Process Clause allows.

*AmaTech Grp. Ltd. v. Fed. Card Servs.*, No. 1:21-cv-406, 2022 WL 44674, at *4 (S.D. Ohio Jan. 5, 2022) (further citations omitted). In fact, Ohio's Supreme Court required a "two-part analysis,"

5

under which a court was to determine (1) whether the long-arm statute and the civil rules conferred personal jurisdiction, and if so, (2) whether granting jurisdiction would deprive a defendant of due process. *Id*. (citing *Goldstein v. Christiansen*, 638 N.E.2d 541, 543 (Ohio 1994) (further citation omitted)). According to the Ohio Supreme Court, merging the two inquiries would "render the first part . . . nugatory." *Goldstein*, 638 N.E.2d at 545 n.1.

But "recent events . . . call this understanding of Ohio's long-arm jurisdiction into question." *AmaTech Grp. Ltd.*, 2022 WL 44674, at *4. Effective April 7, 2021, the Ohio General Assembly amended the long-arm statute. Subsection (C) now provides that, "[i]n addition to a court's exercise of personal jurisdiction under subsection (A) of this section, a court may exercise personal jurisdiction over a person on any basis consistent with the Ohio Constitution and the United States Constitution." Ohio Rev. Code § 2307.382(C).

"Since the amendment, neither the Supreme Court of Ohio nor any Ohio appellate court has addressed the effect of this new language." *A.B. Pratt & Co. v. Bridgeport Grp., LLC*, No. 1:22-cv-1579, 2023 WL 2865640, at *7 (N.D. Ohio Apr. 10, 2023) (collecting post-amendment Ohio cases that did not address the amendment and conducted the two-step analysis of *Goldstein*). Federal district courts that have interpreted the amendment "fall[] into one of two camps." *AmaTech Grp. Ltd.*, 2022 WL 44674, at *5. Some courts "have concluded that Ohio's long-arm statute now extends personal jurisdiction to the fullest extent that the U.S. Constitution permits[,]" *id*. (citing *C.T. v. Red Roof Inns, Inc.*, No. 2:19-cv-5384, 2021 WL 2942483, at *10 (S.D. Ohio July 1, 2021)), whereas others "[have] concluded that the purpose of the new language in § 2307.382(C) is merely to allow for 'general jurisdiction' over non-resident defendants in appropriate circumstances." *Id*. (citing *Premier Prop. Sales Ltd. v. Gospel Ministries Int'l, Inc.*, 539 F. Supp. 3d 822, 827 n.2 (S.D. Ohio 2021)).

As noted by the court in *AmaTech Grp. Ltd.*, whereas previously Ohio courts "did not recognize a 'general' personal jurisdiction over non-residents[,] . . . [p]ost-amendment, it seems likely that Ohio courts would recognize such a general personal jurisdiction." *Id*. at *5 n.5 (citing *Premier Prop. Sales Ltd.*, 539 F. Supp. 2d at 827 n.2). But, as further noted in *AmaTech Grp. Ltd.*, "the [c]ourt need not decide the propriety of exercising 'general' personal jurisdiction, because both parties center their arguments on specific jurisdiction . . . ." *Id*. "In other words, the new amendments to subsection (C) only come into play if the party is instead asserting general jurisdiction." *AmaTech Grp. Ltd.*, 2022 WL 44674, at *5 (relied upon by *QFS Transp., LLC v. Huguely*, No. 1:21-cv-769, 2022 WL 1719674, at *5 and n.15 (S.D. Ohio May 27, 2022) (noting, in determining that it need not decide how to interpret Ohio's revised long-arm statute, that the plaintiff's opposition brief argues only specific jurisdiction and its complaint does not address personal jurisdiction)).

The same is true here. In its brief in opposition to Leica's motion, Predictive argues only specific, not general, jurisdiction. (*See* Doc. No. 17, at 7–10 (relying upon Ohio Rev. Code § 2307.382(A)(1), (A)(3), and (A)(4)).[2]) As a result, Predictive "must . . . demonstrate [that the] claim arose from one of [these] enumerated factors." *Premier Prop. Sales Ltd*, 539 F. Supp. 3d at 827 n.2 (citation omitted). The statute further "requires a 'proximate cause' relationship between the defendant's act and the plaintiff's cause of action. A mere 'but-for' connection is insufficient."

---

[2] Subsection (A) of Ohio Rev. Code § 2307.382 permits the exercise of personal jurisdiction as to a cause of action arising, *inter alia*, from a person's: "(1) Transacting any business in this state; . . . (3) Causing tortious injury by an act or omission in this state; [or] (4) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state . . . ."

7

*Lexon Ins. Co. v. Devinshire Land Dev., LLC*, 573 F. App'x 427, 429 (6th Cir. 2014) (citing *Brunner v. Hampson*, 441 F.3d 457, 465–66 (6th Cir. 2006)).

Although Leica does not deny that it transacts some business in Ohio, "'personal jurisdiction does not exist where the circumstances which may have caused the injury are unrelated to the conduct of business in Ohio.'" *D&J Distrib. & Mfg. Co. v. Bella+Canvas Retail, LLC*, No. 3:22-cv-599, 2022 WL 3287973, at *2 (N.D. Ohio Aug. 11, 2022) (quoting *Signom v. Schenck Fuels, Inc.*, No. C-3-07-037, 2007 WL 1726492, at *4 (S.D. Ohio June 13, 2007) (citing *Brunner*, 441 F.3d at 466)). Predictive has not alleged facts that would establish a connection between its alleged injury and any transaction of business by Leica in Ohio. Therefore, Predictive has not established the factor enumerated in Subsection (A)(1) of Ohio's long-arm statute.

Predictive does not allege that its action for copyright infringement arises from Leica's activities in Ohio. Notably, Predictive does not allege that Leica itself ever copied, distributed or otherwise infringed Predictive's copyright. Predictive alleges that Humphries wrongfully took Predictive's copyrighted material when he left Trimble's employ. Also notable, the complaint is silent as to the citizenship or activities of Trimble—it is not alleged to be an Ohio company or to have acted in Ohio, except for engaging the services of Predictive. Further, the complaint is silent as to where infringing copies of Predictive's materials were allegedly made or where the trainings allegedly using those materials were conducted. Therefore, Predictive has not established the factor enumerated in Subsection (A)(3) of Ohio's long-arm statute.

According to Humphries, he served "from October 2007 to November 2017 as [Trimble's] sales manager for the western region of the United States." (Doc. No. 12-1, Declaration of Justin

Humphries, ¶ 1.)³ Humphries worked from his "home office located in Olympia, Washington." (*Id.*) Leica hired Humphries in November 2017 to work "as Regional Sales Manager for the US West Region, working from [his] home office in Olympia, Washington." (*Id.* ¶ 3; *see also* ¶ 4 ("I [Humphries] am not an owner, shareholder, founder, or officer of [Leica].").) "As an employee of [Leica], [Humphries has] never visited the state of Ohio or performed any work within that state." (*Id.* ¶ 6.) Humphries has no connection to Ohio and none is apparent from the complaint. That said, construing the allegations in favor of Predictive, one could conclude that Predictive has established that portion of Subsection (A)(4) of Ohio's long-arm statute that permits personal jurisdiction due to tortious injury to Predictive in Ohio by actions taken outside Ohio. But the remainder of Subsection (A)(4) (relating generally to the breadth of Leica's business activities in Ohio) is completely lacking in support in the complaint and/or briefs and affidavits supporting or opposing this motion. *See Duggar v. Honeywell Int'l, Inc.*, No. 1:21-cv-892, 2021 WL 5961624, at *5 (N.D. Ohio Dec. 16, 2021) ("Section (A)(4) further requires a showing that the defendant regularly engaged in business or some other persistent course of conduct, such that the defendant's contact with Ohio was continuous rather than sporadic." (citation omitted)). The *only* connection to Ohio in this case is Predictive and that is not sufficient to establish specific jurisdiction over *Leica* in Ohio under Subsection (A)(4). *See Premier Prop. Sales Ltd.*, 539 F. Supp. 3d at 829 ("Ohio is implicated in this case only by coincidence, not by intention."); *see also Oxford Lending*

---

³ Predictive is wrong in its assertion that Humphries' declaration "is *irrelevant* because [d]efendant is not seeking an evidentiary hearing." (Doc. No. 17, at 2.) According to Predictive, "[t]he Court need only consider [p]laintiff's [c]omplaint, which states a *prima facie* case for personal jurisdiction. (*Id.*) This is simply incorrect. If, as here, "the court rules on written submissions alone, the plaintiff may not rest on his pleadings to answer the movant's affidavits, but must set forth, 'by affidavit or otherwise[,] . . . specific facts showing that the court has jurisdiction.'" *Serras*, 875 F.2d at 1214 (quoting *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974)) (further citations omitted). Therefore, determination of whether there is a *prima facie* case of personal jurisdiction depends upon "the pleadings *and* affidavits [considered] in the light most favorable to the plaintiff." *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980) (quotation marks and citation omitted) (emphasis added).

*Grp. LLC v. Underwriters at Lloyd's London*, No. 2:10-cv-94, 2011 WL 335954, at *5 (S.D. Ohio Jan. 31, 2011) (finding Subsection (A)(4) inapplicable because "[t]here is simply no evidence that [defendant] regularly does or solicits business, or engages in any other persistent course of conduct in Ohio, or that [defendant] otherwise derives substantial revenue from goods used or consumed or services rendered in Ohio"). Therefore, Predictive has not established the factor enumerated in Subsection (A)(4) of Ohio's long-arm statute.

In light of the above, Predictive has not shown that Leica is subject to service of process under any of the subsections of Ohio's long-arm statute that it relies upon (or any other, for that matter).

In the face of a well-supported motion to dismiss, even where, as here, the Court decides the motion on the pleadings, briefs, and affidavits, "it remains the plaintiff's burden to show the [c]ourt has personal jurisdiction over the defendant." *Premier Prop. Sales Ltd.*, 539 F. Supp. 3d at 827. Plaintiff has not met its burden.

There being "no basis for personal jurisdiction [over Leica] under Ohio's long-arm statute, it is unnecessary to analyze jurisdiction under the Due Process Clause." *Reg Transp. Servs., LLC v. Dutch Miller Chrysler/Jeep/Ram*, No. 2:18-cv-1176, 2019 WL 3413858, at *6 (S.D. Ohio July 29, 2019) (citations omitted). Leica is entitled to dismissal.[4]

---

[4] Predictive's memorandum in opposition to Leica's motion to dismiss also incorporates a motion for jurisdictional discovery, which Leica opposed within its reply brief. Predictive filed no reply to Leica's opposition to discovery and the time for doing so has expired. It is within this Court's discretion to determine whether jurisdictional discovery should be permitted. Here, Predictive points to an affidavit attached to its opposition brief to support an assertion that "some evidence of [Leica's] purposeful availment to this judicial district and Ohio exists[.]" (Doc. No. 17, at 15 (citing Doc. No. 17-1, Declaration of Emma C. Sleva, ¶¶ 2–3).) As discussed herein, aside from the fact that "purposeful availment" is not relevant to the question (on which this motion has been decided) of whether there is personal jurisdiction over Leica under Ohio's long-arm statute, the Sleva Declaration offers no support for the proposition that, even if Leica has contacts to Ohio for due process purposes, those contacts bear no proximate cause relationship to plaintiff's claims for purposes of specific personal jurisdiction under the long-arm statute. "It is not an abuse of discretion for the district court to deny the discovery request when the party 'makes only general and conclusory statements [in its affidavit] regarding the need for more discovery[.]'" *Ball v. Union Carbide Corp.*, 385 F.3d 713,

## III. CONCLUSION

For the reasons set forth herein, Leica's motion to dismiss for lack of personal jurisdiction is granted and this case is closed.

**IT IS SO ORDERED**.

Dated: June 16, 2023

**HONORABLE SARA LIOI
UNITED STATES DISTRICT COURT
CHIEF JUDGE**

---

720 (6th Cir. 2004) (quoting *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999)). Leica's alleged general contacts to Ohio, arguably supported by the Sleva Declaration, are insufficient under the long-arm statute and, therefore, no jurisdictional discovery need be permitted. To the extent Doc. No. 17 includes a motion for discovery, it is denied.